

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00804-CV

In the Interest of **A.F.T.**, D.M.P.H., and E.C.T., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-00605
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Patricia O. Alvarez, Justice
                  Irene Rios, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: January 24, 2024

AFFIRMED

This is an appeal from the trial court's termination of K.T.'s parental rights to her children, A.F.T., D.M.P.H., and E.C.T. In one issue, K.T. argues the evidence is legally and factually insufficient to support each of the statutory grounds for termination. We affirm.

## BACKGROUND

On April 18, 2022, the Texas Department of Family and Protective Services ("the Department") filed the underlying suit to terminate K.T.'s parental rights, along with an affidavit in support of removal of then four-year-old A.F.T., three-year-old D.M.P.H., and ten-month-old E.C.T. The children were removed from K.T.'s care and the Department was named their temporary sole managing conservator. Thereafter, the Department prepared a service plan for K.T., which she signed on May 31, 2022.

More than a year later, on June 30, 2023, and July 14, 2023, the trial court held a bench trial on the Department's termination claim. After the trial, the trial court signed a judgment terminating K.T.'s parental rights to A.F.T., D.M.P.H., and E.C.T. on two statutory grounds: (1) constructive abandonment, pursuant to section 161.001(b)(1)(N) of the Texas Family Code, and (2) failure to comply with the provisions of a court-ordered service plan, pursuant to section 161.001(b)(1)(O). The trial court also found that termination of K.T.'s parental rights was in the children's best interest. K.T. appealed.

## STANDARDS OF REVIEW

When reviewing the legal sufficiency of the evidence, we look "at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). When reviewing the factual sufficiency of the evidence, we consider disputed or conflicting evidence. *Id*. at 345. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id*. (quoting *In re J.F.C.*, 96 S.W.3d at 266). Under these standards, the factfinder is the sole judge of the weight and credibility of the evidence. *Id*. at 346.

## CONSTRUCTIVE ABANDONMENT

One of the statutory grounds contained in the termination judgment is constructive abandonment. To prove constructive abandonment, the Department must prove that the children have been in its custody for at least six months and: (1) the Department made reasonable efforts to return the child to the parent; (2) the parent has not regularly visited or maintained significant contact with the child; and (3) the parent has demonstrated an inability to provide the child with a

safe environment. *See* TEX. FAM. CODE § 161.001(b)(1)(N). Before the trial court may terminate parental rights on constructive abandonment grounds, each of subsection (N)'s three elements must be proven by clear and convincing evidence. *In re A.L.H.*, 468 S.W.3d 738, 744 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "The first element focuses on the Department's conduct; the second and third elements focus on the parent's conduct." *Id.*

"Implementation of a family service plan by the Department is considered a reasonable effort to return a child to its parent if the parent has been given a reasonable opportunity to comply with the terms of the plan." *In re A.Q.W.*, 395 S.W.3d 285, 289 (Tex. App.—San Antonio 2013, no pet.), *overruled on other grounds by In re J.M.T.*, 617 S.W.3d 604, 611 (Tex. App.—San Antonio 2020, no pet.). In evaluating the Department's efforts to return children to a parent, "the question is whether the Department made reasonable efforts, not ideal efforts." *In re F.E.N.*, 542 S.W.3d 752, 767 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Here, the record contains the following evidence concerning the preparation and implementation of a service plan. In her testimony, K.T. acknowledged that the Department had prepared a service plan for her at the beginning of the case, which she signed on May 31, 2022. K.T. noted that by the time of trial she had completed some of the services in the service plan. K.T. also confirmed that she had met with a Department caseworker and talked with her about parts of the service plan.

A Department caseworker, Jennifer Henry, testified that the service plan required K.T. to: (1) complete parenting classes, (2) stabilize her living and financial situation, (3) complete a drug abuse assessment, (4) engage in drug testing, (5) complete a psychological evaluation and follow all recommendations made in the evaluation, (6) build an appropriate support system, and (7) join an online autism support group because one of the children was believed to be autistic. Henry acknowledged that K.T had completed some but not all services in the service plan by the time of

trial. According to Henry's testimony, she and K.T. had met and talked about the service plan, including K.T.'s employment status, her housing situation, and K.T.'s visits with the children. Henry also testified that the Department had provided K.T. with a referral to a counselor.

Furthermore, the evidence showed that Henry had talked to K.T. about building a support system. According to K.T.'s testimony, she had told Henry that she did not have a support system and that the only adult who could provide support for her was an uncle who lived out of state. According to Henry's testimony, she and K.T. had talked about whether the father of K.T.'s new baby[1] might be able to provide her with emotional or financial support, but K.T. "couldn't give a set answer" to Henry's question.

In arguing the evidence is legally and factually insufficient to support the constructive abandonment ground for termination, K.T. challenges a single element of this ground—whether the Department made reasonable efforts to return the children to the parent. Specifically, K.T. asserts that the evidence is insufficient to support a finding that she had a reasonable opportunity to complete her service plan not because she did not have ample time to complete the services, but because of her purported limited cognitive function. In her brief, K.T. asserts that the trial court appointed a guardian ad litem for her because of her limited cognitive function, but the trial court's order, signed on May 9, 2022, does not reveal the reason for the guardian ad litem's appointment. Furthermore, the only evidence concerning K.T.'s cognitive function was provided by Henry, who testified: "The psychological [evaluation] stated that there were concerns of [K.T.'s] limitations of cognitive functioning, and that she needed support to help her with her ability to stay financially stable, and to have a stable living arrangement."

---

[1] K.T. was pregnant at the time of trial.

The main case K.T. cites in support of her argument that she lacked a reasonable opportunity to complete the service plan is *In re A.Q.W.*, a parental termination case in which we held that the evidence was legally insufficient to support a finding that the Department made reasonable efforts to return the child to his father. 395 S.W.3d at 290. In *In re A.Q.W.*, the evidence showed that the father, who was incarcerated, received the family service plan only thirty-four days prior to trial. *Id*. at 288. We concluded that "[t]he record contain[ed] no evidence that [the father] was provided with a reasonable opportunity to enroll in, much less complete, any of the requirements that he could have complied with while incarcerated." *Id*. at 290. We, therefore, held that the termination judgment could not be upheld based on the statutory ground of constructive abandonment. *Id*.

The present case is readily distinguishable from *In re A.Q.W.* Here, the Department prepared a service plan and made K.T. aware of its contents at the beginning of the case. In fact, K.T., who was not incarcerated during the case, had more than a year to engage in the services contained in the service plan. The Department communicated with K.T. while the case was pending, and a Department caseworker worked with K.T. to implement parts of the service plan. Furthermore, K.T. actually completed some of the services in the service plan, such as a drug evaluation and parenting classes, prior to trial.

Again, K.T. does not challenge the sufficiency of the evidence to support any of the other elements of constructive abandonment—only whether the evidence is sufficient to support a finding that the Department made reasonable efforts to return the children to her. After reviewing the evidence in the light most favorable to the trial court's finding, we conclude a reasonable factfinder could have formed a firm belief or conviction that the Department prepared and implemented a family service plan for K.T., and that K.T. had a reasonable opportunity to comply with the terms of that service plan. *See In re J.F.C.*, 96 S.W.3d at 266. Moreover, we conclude the

disputed evidence is not so significant that a reasonable factfinder could not have formed a firm belief or conviction in favor of that finding. *See In re J.O.A.*, 283 S.W.3d at 345. We hold that the finding that the Department made reasonable efforts to return the children to K.T. is supported by legally and factually sufficient evidence. Because the evidence is sufficient to support a finding that the Department made reasonable efforts to return the children to K.T., and K.T. does not challenge any of the other elements under subsection (N), the trial court's termination judgment may be supported based on the statutory ground of constructive abandonment.

Having determined that the evidence is legally and factually sufficient to support the trial court's termination judgment under section 161.001(b)(1)(N) of the Texas Family Code, we need not address K.T.'s arguments concerning the legal and factual sufficiency of the evidence under section 161.001(b)(1)(O) of the Texas Family Code. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (recognizing that only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination if there is also a finding that termination is in the children's best interest); *In re D.J.R.*, No. 04-23-00568-CV, 2023 WL 8246666, at *7 (Tex. App.—San Antonio Nov. 29, 2023, no pet. h.) (declining to reach complaint regarding the sufficiency of the evidence to support termination based on subsection (O) grounds after holding the evidence was legally and factually sufficient to support termination based on subsection (N) grounds).

## CONCLUSION

The trial court's termination judgment is affirmed.

Liza A. Rodriguez, Justice